(No. 3672—

PEORIA BLUE PRINT AND PHOTOPRESS COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 10, 1942.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

From the stipulation of facts herein it appears that claimant seeks an award in the sum of $11.43, for blue prints, blue line and black line prints, as enumerated in claimant's bill of particulars, furnished during the month of December, 1940, and June, 1941, respectively, to the Division of Highways of the State of Illinois, which were accepted and used by said Division.

It appears from the report of the Division of Highways that the invoices were submitted to the Division for payment after September 30, 1941, at which time the appropriation had lapsed, out of which the same, if properly contracted, by a person authorized, could have been paid.

It appears from the file that such materials were furnished by the claimant, that they were as represented, that the prices charged were as previously agreed upon, and that they were furnished at the request of said Division of Highways. That at the time of the purchase and delivery of said articles an appropriation did exist and funds were available from which the invoices could have been paid, but the appropriation lapsed on September 30, 1941, indicating that all the necessary requisites were present including the ordering or authorization of such materials by a proper person, and that the only reason that such invoices were not paid was the lapse of the appropriation.

This case falls within the ruling heretofore made in the case of *Rock Island Sand & Gravel Co.* vs. *State*, 8 C. C. R., 165, and similar cases wherein the court has held—

"Where claimant has rendered services or furnished supplies to the State on orders from an official authorized to contract for same and submits a bill therefor within a reasonable time, and has not received payment therefor, and such non-payment is due to no negligence or fault on the part of claimant, an award for the reasonable and customary value of such service will be made if, at the time the obligation was incurred, there were sufficient funds remaining unexpended in the appropriation to pay the same."

> *Elgin, Joliet, and Eastern R. R. Co.*, vs. *State of Illinois*, 10 C. C. R., 243.

It appears from the evidence that at the time of the purchase of the above mentioned articles, and delivery to, and acceptance of same, by the Division of Highways sufficient funds remained unexpended in the appropriation to pay for same, and claimant is therefore entitled to be reimbursed for these articles.

An award is hereby allowed in favor of claimant in the sum of $11.43.